UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN WENDELL and LISA WENDELL, for themselves and as successors in interest to MAXX WENDELL, deceased,

Plaintiffs,

v.

JOHNSON & JOHNSON, et al.,

Defendants.

No. 3:09-CV-4124 CW

**Stipulation of Dismissal as to Mylan, Inc. (formerly Mylan Laboratories Inc.)**

## STIPULATION OF DISMISSAL

IT IS HEREBY stipulated by and between Fabrice Vincent, counsel for Plaintiffs, and Alice S. Johnston, counsel for Defendant, Mylan Inc. (formerly Mylan Laboratories Inc.) (hereinafter "Mylan"), as follows:

Mylan[1] is hereby **dismissed without prejudice** from this matter on the condition that Plaintiffs have until the close of discovery in this matter[2] within which to come forward with any product identification evidence as to Mylan, and take all procedural steps otherwise necessary to re-join Mylan to the action. Should Plaintiffs not present any such product identification evidence as to Mylan by the close of discovery in this matter, this dismissal shall automatically become a

---

[1] For purposes of this stipulation of dismissal, "Mylan" is defined as Mylan, Inc., formerly Mylan Laboratories Inc., as well of all of their successors, assigns, subsidiaries and inter-related companies, agents, employees, lessors, officers, directors, insurers and underwriters.

[2] Plaintiffs have also filed an action which is pending in the United Stated District Court for the District of New Jersey against the same defendants and based on the identical underlying facts alleged in the instant matter. The caption with court term and number for the action filed in New Jersey is *Stephen P. Wendell, for himself and as Administrator ad prosequendum of the Estate of Maxx Wendell, deceased and/or successor-in-interest to Maxx Wendell, deceased; and Lisa Wendell, for herself v. Johnson & Johnson et. al.*, In the United Stated District Court for the District of New Jersey, 3:09-cv-03273-JAP-TJB. Both actions stem from the same medical and pharmacy records regarding decedent's treatment and alleged use of particular medications from specific defendants. Significantly, however, such records have failed to provide any product identification as to Mylan. Thus, this Stipulation of Dismissal should be docketed in both the instant matter as well as the District of New Jersey action referenced above, and the dismissal shall be identical in both cases.

4447244                         1

1  **dismissal with prejudice,** without the need for any further filings.  In the event Plaintiffs present
2  product identification evidence as to Mylan before the close of discovery, and the case is reinstated
3  against Mylan, the action shall be reinstated as if the dismissal had never occurred and that prior
4  dismissal shall have no effect on the rights of the parties vis-a-vis the statute of limitations.
5  However, should Plaintiffs present such product identification evidence as to Mylan before the close
6  of discovery, the Court will proceed in an appropriate fashion to assess the adequacy of such
7  product identification evidence as well as afford Mylan sufficient time to conduct discovery, defend
8  itself and preserve all rights against Plaintiffs' claims without prejudice to any legal rights or
9  remedies that otherwise would have been available to Mylan had the dismissal without prejudice
10 never been entered.

~~Fabrice Vincent~~ KEVIN HAVERTY,
PHV
Counsel for Plaintiffs

Alice S. Johnston
Counsel for Defendant,
Mylan Inc. (formerly Mylan Laboratories Inc.)

**APPROVED BY THE COURT:** _____  DATE: 3/25/2010
, J.



IT IS SO ORDERED
Judge Claudia Wilken
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4447244                                   2