MICHELLE A. CHILDERS (SBN #197064)
michelle.childers@dbr.com
AMY P. FRENZEN (SBN #245368)
amy.frenzen@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
CENTOCOR ORTHO BIOTECH INC., erroneously
served and sued herein as CENTOCOR, INC., and
JOHNSON & JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN WENDELL & LISA WENDELL, his wife, for themselves and as successors in interest to MAXX WENDELL, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON; CENTOCOR, INC.; ABBOTT LABORATORIES; SMITHKLINE BEECHAM d/b/a GLAXOSMITHKLINE; TEVA PHARMACEUTICALS USA; GATE PHARMACEUTICALS, a division of TEVA PHARMACEUTICALS USA; PAR PHARMACEUTICALS; MYLAN LABORATORIES, INC.,<br><br>Defendants. | Case No. 4:09-cv-04124-CW<br><br>**NON-ABBOTT DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS ON FED. R. CIV. P. 12(C)**<br><br>Date: Thursday, June 3, 2010<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 4th Floor |

TO PLAINTIFF AND THIER COUNSEL OF RECORD:

PLEASE TAKE NOTE that on Thursday, June 3, 2010 at 2:00 p.m. in Courtroom No. 2 of the U.S. Court for the Northern District of California located at 1301 Clay Street, Oakland, CA 94612, Defendants Johnson &Johnson; Centocor Ortho Biotech Inc.; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Teva Pharmaceuticals USA, Inc.; Par Pharmaceuticals, Inc.; and Mylan, Inc. ("Non-Abbot Defendants") will and hereby do move this Court for an Order for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c).

This motion is made on the grounds that the first ten causes of action in Plaintiffs' First Amended Complaint fail to state plausible claims for relief.

This Motion is based on this Notice of Motion and Motion, Defendants' Memorandum of Points and Authorities, the complete files and records in this action, and such oral arguments as the court shall permit at the hearing on this motion.

| /s/ Prentiss W. Hallenbeck, Jr. | /s/ Amy P. Frenzen |
|---|---|
| Prentiss W. Hallenbeck, Jr. (pro hac vice)<br>ULMER & BERNE LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>*Counsel for Par Pharmaceuticals, Inc.* | Amy P. Frenzen<br>DRINKER BIDDLE & REATH LLP<br>50 Freemont Street, 30th Fl.<br>San Francisco, CA 94105<br>*Counsel for Centocor Ortho Biotech, Inc. and Johnson & Johnson* |
| /s/ Prentiss W. Hallenbeck, Jr. | /s/ William A. Hanssen |
| Prentiss W. Hallenbeck, Jr. (pro hac vice)<br>ULMER & BERNE LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>*Counsel for Teva Pharmaceuticals USA, Inc.* | William A. Hanssen<br>DRINKER BIDDLE & REATH LLP<br>333 South Grand Ave., Ste. 1650<br>Los Angeles, CA 90071-1504<br>*Counsel for SmithKline Beecham Corporation d/b/a GlaxoSmithKline* |

**MEMORANDUM OF POINTS AND AUTHORITIES**

On January 20, 2010, this Court dismissed ten causes of action asserted by Plaintiffs in their original complaint against Abbott Laboratories. (Docket Entry No. 98). Each of those original claims asserted *identical* allegations "Against All Defendants." The "Non-Abbott Defendants"[1] now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) with respect to the first ten causes of action in Plaintiffs' First Amended Complaint—which are identical to the first ten in the Plaintiffs' original complaint—on the grounds this Court gave for dismissing those claims with respect to Abbott on January 20, 2010 as they apply with equal force to the identical claims asserted against the Non-Abbott Defendants.

## I. Background

This is a products liability action concerning three prescription medicines: Remicade, Humira, and Purinethol. Plaintiffs allege that Defendants' medicines, used either alone or in combination, resulted in Maxx Wendell's development of hepatosplenic T-Cell lymphoma in 2007. Maxx Wendell died on December 19, 2007. Plaintiffs allege that Defendants' are liable for Maxx Wendell's development of hepatosplenic T-Cell lymphoma and subsequent death because of their failure to warn adequately of lymphoma risks associated with an alleged off-label use of their products. Plaintiffs asserted ten causes of action against all Defendants in their original complaint: (1) fraud and deceit; (2) negligence, recklessness and gross negligence; (3) negligent misrepresentation; (4) negligence; (5) negligence per se; (6) strict liability; (7) breach of express warranty; (8) breach of implied warranty; (9) violation of Business and Professions Code Section 17200, et seq.; and (10) wrongful death.

On September 28, 2009, Abbott Laboratories filed a motion to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 20, 2010, the Court granted Abbott's motion. (Docket Entry No. 98). The Court dismissed Plaintiffs' causes of action for

---

[1] The "Non-Abbott Defendants" include Johnson &Johnson; Centocor Ortho Biotech Inc.; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Teva Pharmaceuticals USA, Inc.; and Par Pharmaceuticals, Inc.

fraud, negligent misrepresentation and violation of Business and Professions Code Section 17200 (counts one, three, and nine, respectively) because they failed to: (1) identify "which Defendant is alleged to have made the underlying misrepresentations or omissions, let alone the specific persons who made the fraudulent statements;" or (2) describe "what is false or misleading about any of Abbott Lab's statements," instead including only general allegations that all Defendants' "'representations regarding the safety and efficacy of their drug products when used either singly or in combination were in fact false and inaccurate' because 'the use of their products either singly or in combination . . . was directly associated with and/or known to cause cancers, including and particularly hepatosplenic T-cell lymphoma.'" (Docket Entry No. 98 at 8-9).

The Court dismissed Plaintiffs' claims for gross negligence, negligence, negligence per se, strict liability and wrongful death (counts two, four, five, six and ten, respectively) against Abbott because they failed to "specify any tortious conduct by Abbott Labs" and "simply recite[d] the elements of each cause of action and repeate[d] the same failure-to-warn allegations;" Plaintiffs failed to "allege how Abbott Labs' warnings about Humira were inadequate, how it was negligent in failing to satisfy any other duty of care alleged or how it violated any specific California consumer protection law that would serve as the basis of Plaintiffs' negligence per se claim." (*Id.* at 9). Finally, the Court dismissed Plaintiffs' claims for breach of express and implied warranty (counts seven and eight, respectively) because "Plaintiffs merely allege that Defendants expressly and impliedly 'warranted' that the products were 'safe, effective, fit and proper for their intended use,' and that the products 'were not safe and were unfit' for their intended uses," and such allegations are "just the elements of a warranty cause of action" and do not include "the contents of any specific warranty or the breach thereof." (*Id.* at 10).

On February 9, 2010, the Plaintiffs filed a First Amended Complaint. (Docket Entry No. 100). The First Amended Complaint asserts the same ten causes of action as the original complaint, with the exception that instead of each count being asserted "Against All Defendants," each of the first ten claims are asserted "Against All Defendants Except Abbott Laboratories." The First Amended Complaint asserts two new counts for negligence and strict liability (counts eleven and twelve, respectively) solely against Abbott Laboratories. (*Id.* at 40-43). On March 4,

2010, Abbott Laboratories filed a motion to dismiss the two causes of action asserted against it in the First Amended Complaint. (Docket Entry No. 105). Accordingly, Abbott Laboratories has not yet filed an answer.

## II. The Applicable Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The close of pleadings refers to the time when all required or permitted pleadings have been served and filed." *Johnson v. Dodson Public Schools, Dist. No. 2-A(C)*, 463 F. Supp. 2d 1151, 1156 (D. Mont. 2006) (citing *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)). The Non-Abbott Defendants have filed responsive pleadings, although, as noted above, Abbott Laboratories has not yet answered.

The general rule is that all defendants must file an answer before a Rule 12(c) motion may be filed, but courts recognize exceptions to this rule, including when the motion concerns a cause of action asserted against only answering defendants. *See Johnson*, 463 F. Supp. 2d at 1156 (even though one defendant had not filed an answer, 12(c) motion was not premature because it related solely to a count that concerned a defendant who had filed an answer, making the pleadings "closed" with respect to that count), *discussed in Watson v. County of Santa Clara*, No. C-06-04029 RMW, 2007 WL 2043852, at *1 (N.D. Cal. July 12, 2007).[2]

The same standard applies to a motion for judgment on the pleadings under Rule 12(c) as to a motion to dismiss for failure to state a claim under Rule 12(b)(6); the principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Munoz v. PHH Corp.*, 659 F. Supp. 2d 1094, 1096 (E.D. Cal. 2009). Under the applicable standard, a court should grant the motion if

---

[2] If the Court determines that a 12(c) motion is not appropriate because the pleadings are still open, then the Non-Abbott Defendants request that the Court treat this motion as being made under Rule 12(b)(6). *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006) (converting 12(b)(6) motion into a 12(c) motion because defendants filed motion to dismiss after they filed their answer).

the complaint does not state a "plausible claim for relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009). To state a "plausible" claim, the complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Neither "a legal conclusion couched as a factual allegation," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will suffice. *Id.* at 1949–50.

### III. Analysis

The same analysis that lead the Court to dismiss Plaintiffs' original first ten causes of action against Abbott Laboratories applies to the same, identical first ten claims in Plaintiffs' First Amended Complaint. There is nothing substantive to distinguish the claims asserted against the Non-Abbott Defendants and Abbott Laboratories in the original complaint. Each of those original claims asserted identical allegations "Against All Defendants." No individualized allegations were asserted against any Defendant. The same standard applies to the instant motion and to Abbotts Laboratories' first motion to dismiss, *see Dworkin*, 867 F.2d at 1192; *Munoz*, 659 F. Supp. 2d at 1096, and this Court should reach the same result.

Plaintiffs have acknowledged that the causes of action asserted against the Non-Abbott Defendants are insufficient in light of the Court's January 20 decision, and have offered to amend the First Amended Complaint such that Plaintiffs' pleadings will only assert claims for strict liability and negligence, presumably supported by more detailed factual allegations than those in the current deficient pleading. However, Plaintiffs have unreasonably conditioned such an amendment on Abbott first filing an answer and the agreement by Non-Abbott Defendants to answer the stipulated amended complaint and waive their right to file motions to dismiss without seeing the specific allegations made against each defendant. (*See* Exs. A, B, attached).[3] The

---

[3] This proposal is especially unreasonable here because the Court previously found the complaint insufficient to state a claim because it failed to specify any tortious conduct and simply recited the elements of each cause of action; and yet, Plaintiffs are attempting to proceed against multiple Defendants on the theory that they are liable for the off label use of multiple medications, with different indications and warnings, which were used at different times.

1  Non-Abbott Defendants obviously cannot dictate litigation strategy to Abbott Laboratories and, in
2  any case, Abbott Laboratories is well within its rights to seek to dismiss the claims against it
3  rather than file an answer. In the meantime, the Non-Abbott Defendants are facing an inadequate
4  pleading that does not provide fair notice of the claims asserted against them. Such a situation is
5  not only unfair, but inefficient.

6  If Plaintiffs had acted in good faith and amended the original complaint to reflect the clear
7  implications of the Court's January 20 decision, the Non-Abbott Defendants already would be in
8  a position to test the sufficiency of the additional allegations which Plaintiffs have indicated they
9  intend to assert. However, based on the substance of the new allegations against Abbott
10 Laboratories in the First Amended Complaint, it is clear that permitting amendment to allow
11 Plaintiffs to assert such additional allegations as to the Non-Abbott Defendants would be futile.
12 *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir.
13 1990). As explained in greater detail in Abbott Laboratories' motion to dismiss the Plaintiffs'
14 First Amended Complaint, (Docket Entry No. 105), Plaintiffs' new allegations in support of its
15 negligence and strict liability claims still fail to go beyond simple recitation of the elements of
16 each cause of action and general, conclusory statements. Any additional allegations against the
17 Non-Abbott Defendants would undoubtedly parrot the new claims against Abbott Laboratories,
18 and would be insufficient for the same reasons.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NON-ABBOTT DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS ON - 7 - CASE NO. 4:09-CV-04124-CW
RULE 12(C)

## IV. Conclusion

The Court should enter judgment on the pleadings in favor of the Non-Abbott Defendants for the same reasons that it dismissed all ten causes of action asserted in the original complaint against Abbott Laboratories, and refuse to allow Plaintiffs to amend their complaint as to the Non-Abbott Defendants on the ground that amendment would be futile.

/s/ Prentiss W. Hallenbeck, Jr.
Prentiss W. Hallenbeck, Jr. (pro hac vice)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
*Counsel for Par Pharmaceuticals, Inc.*

/s/ Amy P. Frenzen
Amy P. Frenzen
DRINKER BIDDLE & REATH LLP
50 Freemont Street, 30th Fl.
San Francisco, CA 94105
*Counsel for Centocor Ortho Biotech, Inc. and Johnson & Johnson*

/s/ Prentiss W. Hallenbeck, Jr.
Prentiss W. Hallenbeck, Jr. (pro hac vice)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
*Counsel for Teva Pharmaceuticals USA, Inc.*

/s/ William A. Hanssen
William A. Hanssen
DRINKER BIDDLE & REATH LLP
333 South Grand Ave., Ste. 1650
Los Angeles, CA 90071-1504
*Counsel for SmithKline Beecham Corporation d/b/a GlaxoSmithKline*