1  MICHELLE A. CHILDERS (SBN #197064)
   michelle.childers@dbr.com
2  AMY P. FRENZEN (SBN #245368)
   amy.frenzen@dbr.com
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, CA  94105-2235
   Telephone:    (415) 591-7500
5  Facsimile:    (415) 591-7510

6  Attorneys for Defendants
   CENTOCOR ORTHO BIOTECH INC., erroneously
7  served and sued herein as CENTOCOR, INC., and
   JOHNSON & JOHNSON

8

9                          UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11                              OAKLAND DIVISION

12

| | |
|---|---|
| 13  STEPHEN WENDELL & LISA<br>WENDELL, his wife, for themselves and<br>14  as successors in interest to MAXX<br>WENDELL, deceased,<br>15<br>            Plaintiffs,<br>16<br>17  v.<br>18  JOHNSON & JOHNSON; CENTOCOR,<br>INC.; ABBOTT LABORATORIES;<br>SMITHKLINE BEECHAM d/b/a<br>19  GLAXOSMITHKLINE; TEVA<br>PHARMACEUTICALS USA; GATE<br>20  PHARMACEUTICALS, a division of<br>TEVA PHARMACEUTICALS USA; PAR<br>21  PHARMACEUTICALS; MYLAN<br>LABORATORIES, INC.,<br>22<br>            Defendants.<br>23 | Case No. CV-09-4124-CW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br><br><br>Amended Complaint: June 10, 2010<br>Judge:  Honorable Claudia Wilken |

24

25        1.      PURPOSES AND LIMITATIONS

26        Disclosure and discovery activity in this action are likely to involve production of

27  confidential, proprietary, or private information for which special protection from public

28  disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                                              CASE NO. CV-09-4124-CW

1    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

2    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

3    all disclosures or responses to discovery and that the protection it affords extends only to the

4    limited information or items that are entitled under the applicable legal principles to treatment as

5    confidential.  The parties further acknowledge, as set forth in Section 12, below, that this

6    Stipulated Protective Order creates no entitlement to file confidential information under seal;

7    Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

8    that will be applied when a party seeks permission from the court to file material under seal.

9          2.      DEFINITIONS

10              2.1      Party: for the purposes of this Order, a party means any party to this action

11    as well as all of its officers, directors, employees, consultants, retained experts, insurers,

12    indemnitors, and outside counsel (and their support staff).

13              2.2      Disclosure or Discovery Material: all items or information, regardless of

14    the medium or manner generated, stored, or maintained (including, among other things,

15    testimony, transcripts, or tangible things) that are produced or generated in disclosures or

16    responses to discovery in this matter.

17              2.3      "Confidential" Information or Items: information (regardless of how

18    generated, stored or maintained) or tangible things that qualify for protection under standards

19    developed under Federal Rule of Civil Procedure 26(c).

20              2.4      "Highly Confidential – Attorneys' Eyes Only" Information or Items:

21    extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

22    Non-Party would create a substantial risk of serious injury that could not be avoided by less

23    restrictive means.

24              2.5      Receiving Party: a Party that receives Disclosure or Discovery Material

25    from a Producing Party.

26              2.6      Producing Party: a Party or Non-Party that produces Disclosure or

27    Discovery Material in this action.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                        - 2 -                    CASE NO. CV-09-4124-CW

1    2.7    Designating Party: a Party or Non-Party that designates information or

2  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

3  Confidential — Attorneys' Eyes Only."

4    2.8    Non-Party: Any natural person, partnership, corporation, association, or

5  other legal entity not named as a Party to this action.

6    2.9    Protected Material: any Disclosure or Discovery Material that is designated

7  as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8    2.10    Outside Counsel: attorneys who are not employees of a Party but who are

9  retained to represent or advise a Party in this action.

10    2.11    House Counsel:  attorneys who are employees of a Party.

11    2.12    Counsel (without qualifier): Outside Counsel and House Counsel (as well

12  as their support staffs).

13    2.13    Expert: a person with specialized knowledge or experience in a matter

14  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

15  witness or as a consultant in this action and who is not a past or a current employee of a Party or

16  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

17  employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

18  trial consultant retained in connection with this litigation.

19    2.14    Professional Vendors: persons or entities that provide litigation support

20  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

21  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

22  subcontractors.

23    3.    SCOPE

24    The protections conferred by this Stipulation and Order cover not only Protected

25  Material (as defined above), but also any information copied or extracted therefrom, as well as all

26  copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

27  presentations by parties or counsel to or in court or in other settings that might reveal Protected

28  Material.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                                    - 3 -                    CASE NO. CV-09-4124-CW

1    4.    DURATION

2        Even after the final disposition of this litigation, the confidentiality obligations

3    imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

4    or a court order otherwise directs.

5    5.    DESIGNATING PROTECTED MATERIAL

6        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

7    Party or Non-Party that designates information or items for protection under this Order must take

8    care to limit any such designation to specific material that qualifies under the appropriate

9    standards.  A Designating Party must take care to designate for protection only those parts of

10   material, documents, items, or oral or written communications that qualify – so that other portions

11   of the material, documents, items, or communications for which protection is not warranted are

12   not swept unjustifiably within the ambit of this Order.

13       If it comes to a Party's or a Non-Party's attention that information or items that it

14   designated for protection do not qualify for protection at all, or do not qualify for the level of

15   protection initially asserted, that Party or Non-Party must promptly notify all other parties that it

16   is withdrawing the mistaken designation.

17       5.2    Manner and Timing of Designations. Except as otherwise provided in this

18   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

19   material that qualifies for protection under this Order must be clearly so designated before the

20   material is disclosed or produced.

21       Designation in conformity with this Order requires:

22       (a)    for information in documentary form (apart from transcripts of

23   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

24   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

25   page that contains protected material.  If only a portion or portions of the material on a page

26   qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

27   (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                         - 4 -                    CASE NO. CV-09-4124-CW

1  level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY").

3          A Party or Non-Party that makes original documents or materials available

4  for inspection need not designate them for protection until after the inspecting Party has indicated

5  which material it would like copied and produced.  During the inspection and before the

6  designation, all of the material made available for inspection shall be deemed "HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

8  documents it wants copied and produced, the Producing Party must determine which documents,

9  or portions thereof, qualify for protection under this Order, then, before producing the specified

10  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

11  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains

12  Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

13  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

14  appropriate markings in the margins) and must specify, for each portion, the level of protection

15  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

16  EYES ONLY").

17          (b)    for testimony given in deposition or in other pretrial or trial

18  proceedings, that the Party or Non-Party offering or sponsoring the testimony identify on the

19  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

20  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

22  testimony that is entitled to protection, and when it appears that substantial portions of the

23  testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the

24  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

25  have up to 21 days to identify the specific portions of the testimony as to which protection is

26  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                                      - 5 -                      CASE NO. CV-09-4124-CW

1    are appropriately designated for protection within the 21 days shall be covered by the provisions

2    of this Stipulated Protective Order.

3              Transcript pages containing Protected Material must be separately bound

4    by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or

5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

6    Non-Party offering or sponsoring the witness or presenting the testimony.

7              (c)    for information produced in some form other than documentary,

8    and for any other tangible items, that the Producing Party affix in a prominent place on the

9    exterior of the container or containers in which the information or item is stored the legend

10   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

11   portions of the information or item warrant protection, the Producing Party, to the extent

12   practicable, shall identify the protected portions, specifying whether they qualify as

13   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

14             5.3    Inadvertent Failures to Designate. An inadvertent failure to designate

15   qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

16   does not waive the Designating Party's right to secure protection under this Order for such

17   material.  If material is appropriately designated as "Confidential" or "Highly Confidential –

18   Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on

19   notification of the designation, must make reasonable efforts to assure that the material is treated

20   in accordance with the provisions of this Order.

21             5.4    The terms of this Order shall in no way affect the right of any person (a) to

22   withhold or redact information on the alleged grounds of immunity from discovery such as, for

23   example, attorney/client privilege, work product or privacy rights of such third parties as patients,

24   physicians, clinical investigators, or reporters of claimed adverse reactions;  (b) to withhold or

25   redact information on alleged grounds that such information is neither relevant to any claim or

26   defense nor reasonably calculated to lead to the discovery of admissible evidence.  If information

27   is redacted in a document on the basis that it is neither relevant nor reasonably calculated to lead

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER                    - 6 -                    CASE NO. CV-09-4124-CW
SF01/ 659849.9

1    to the discovery of admissible evidence, the Parties may request, and the Producing Party shall

2    provide, the reason for the redaction.

3           6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4           6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

5    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

6    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

7    waive its right to challenge a confidentiality designation by electing not to mount a challenge

8    promptly after the original designation is disclosed.

9           6.2    Meet and Confer.    A Party that elects to initiate a challenge to a

10   Designating Party's confidentiality designation must do so in good faith and must begin the

11   process by conferring directly (in voice to voice dialogue; other forms of communication are not

12   sufficient) with counsel for the Designating Party.   In conferring, the challenging Party must

13   explain the basis for its belief that the confidentiality designation was not proper and must give

14   the Designating Party an opportunity to review the designated material, to reconsider the

15   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

16   designation.  A challenging Party may proceed to the next stage of the challenge process only if it

17   has engaged in this meet and confer process first.

18          6.3    Judicial Intervention. A Party that elects to press a challenge to a

19   confidentiality designation after considering the justification offered by the Designating Party

20   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

21   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

22   challenge.  Each such motion must be accompanied by a competent declaration affirming that the

23   movant has complied with the meet and confer requirements imposed in the preceding paragraph

24   and setting forth with specificity the justification for the confidentiality designation that was

25   given by the Designating Party in the meet and confer dialogue.

26          The  burden  of  persuasion  in  any  such  challenge  proceeding  shall  be  on  the

27   Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

28   material in question the level of protection to which it is entitled under the Producing Party's

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                        - 7 -                    CASE NO. CV-09-4124-CW

1  designation.

2  ## 7.  COSTS OF REPRODUCTION

3  No hard copy documents will be produced by any defendant for inspection and

4  copying in this litigation until the parties agree, or the court orders, who shall bear any costs of

5  reproduction of such documents.  Any agreed or court ordered fee paid by any Receiving Party is

6  intended and construed only to cover the costs for reproduction.  It does not indicate any transfer

7  of ownership in the reproduced documents.

8

9  ## 8.  ACCESS TO AND USE OF PROTECTED MATERIAL

10  8.1  Basic Principles. A Receiving Party may use Protected Material that is

11  disclosed or produced by another Party or by a Non-Party in connection with this case only for

12  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

13  disclosed only to the categories of persons and under the conditions described in this Order.

14  When the litigation has been terminated, a Receiving Party must comply with the provisions of

15  Section 13, below (FINAL DISPOSITION).

16  Protected Material must be stored and maintained by a Receiving Party at a

17  location and in a secure manner that ensures that access is limited to the persons authorized under

18  this Order.

19  Defendants agree that all Defendants shall treat "CONFIDENTIAL" Information

20  or Items produced by any Co-Defendant in this litigation as "HIGHLY CONFIDENTIAL –

21  ATTORNEYS' EYES ONLY" Information or Items, unless as otherwise provided in a written

22  agreement from the Producing Party or pursuant to a court order.

23  8.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

24  ordered by the court or permitted in writing by the Designating Party, or except as set forth in

25  Section 8.1 above, a Receiving Party may disclose any information or item designated

26  CONFIDENTIAL only to:

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9
- 8 -
CASE NO. CV-09-4124-CW

1     (a) the Receiving Party's Outside Counsel of record in this action, as

2 well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the

3 information for this litigation;

4     (b) the officers, directors, employees (including House Counsel),

5 insurers, and indemnitors of the Receiving Party to whom disclosure is reasonably necessary for

6 this litigation;

7     (c) Experts (as defined in this Order) of the Receiving Party to whom

8 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

9 Bound by Protective Order" (Exhibit A);

10     (d) the Court and its personnel;

11     (e) court reporters, their staffs, and Professional Vendors to whom

12 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

13 Bound by Protective Order" (Exhibit A);

14     (f) during their depositions, witnesses in the action to whom disclosure

15 is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

16 (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

17 Protected Material must be separately bound by the court reporter and may not be disclosed to

18 anyone except as permitted under this Stipulated Protective Order.

19     (g) the author of the document or the original source of the

20 information.

21    8.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22 ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by

23 the Designating Party, a Receiving Party may disclose any information or item designated

24 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

25     (a) the Receiving Party's Outside Counsel of record in this action, as

26 well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the

27 information for this litigation;

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER  - 9 -  CASE NO. CV-09-4124-CW
SF01/ 659849.9

(b)     House Counsel of a Receiving Party, as well as employees assisting said House Counsel, (1) who have no involvement in competitive decision-making or in patent prosecutions involving any product at issue in this litigation, and (2) to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.4, below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)     the author of the document or the original source of the information.

8.4     Procedures for Approving Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts."

(a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Defendant that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another Defendant first must make a written request to the Designating Party that (1) identifies the specific CONFIDENTIAL or HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9
- 10 -
CASE NO. CV-09-4124-CW

1  number of the case, filing date, and location of court) any litigation in connection with which the

2  Expert has provided any professional services during the preceding five years.

3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4  information or items may be disclosed to an Expert by Plaintiffs without disclosure of the identity

5  of the Expert as long as the Expert is not a current officer, director, employee, agent, contractor,

6  subcontractor, or consultant of a competitor of a Party or anticipated to become one.  Plaintiffs

7  must maintain a list of all consultants and/or experts to whom they have disclosed

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9  information or items for five years after the final resolution of any litigation.

10          (b)     A Party that makes a request and provides the information specified

11  in the preceding paragraph may disclose the subject Protected Material to the identified Expert

12  unless, within seven court days of delivering the request, the Party receives a written objection

13  from the Designating Party.  Any such objection must set forth in detail the grounds on which it is

14  based.

15          (c)     A Party that receives a timely written objection must meet and

16  confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

17  matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the

18  Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

19  Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must

20  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

21  to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

22  suggest any additional means that might be used to reduce that risk.  In addition, any such motion

23  must be accompanied by a competent declaration in which the movant describes the parties'

24  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

25  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

26  approve the disclosure.

27          In any such proceeding the Party opposing disclosure to the Expert shall

28  bear the burden of proving that the risk of harm that the disclosure would entail (under the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9          - 11 -          CASE NO. CV-09-4124-CW

1    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

2    its Expert.

3            9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

4    OTHER LITIGATION

5            If a Receiving Party is served with a subpoena or an order issued in other litigation

6    that would compel disclosure of any information or items designated in this action as

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

8    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

9    and in no event more than three court days after receiving the subpoena or order.   Such

10   notification must include a copy of the subpoena or court order.

11           The Receiving Party also must immediately inform in writing the party who

12   caused the subpoena or order to issue in the other litigation that some or all the material covered

13   by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

14   must deliver a copy of this Stipulated Protective Order promptly to the party in the other action

15   who caused the subpoena or order to issue.

16           The purpose of imposing these duties is to alert the interested parties to the

17   existence of this Protective Order and to afford the Designating Party in this case an opportunity

18   to try to protect its confidentiality interests in the court from which the subpoena or order issued.

19   The Designating Party shall bear the burdens and the expenses of seeking protection in that court

20   of its confidential material – and nothing in these provisions should be construed as authorizing or

21   encouraging a Receiving Party in this action to disobey a lawful directive from another court.  If

22   the Designating Party timely seeks a protective order, the Party served with the subpoena or court

23   order shall not produce any information designated in this action as "CONFIDENTIAL" or

24   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

25   court from which the subpoena or order issued, unless the Party has obtained the Designating

26   Party's permission.

27           10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                           - 12 -                    CASE NO. CV-09-4124-CW

1    Protected Material to any person or in any circumstance not authorized under this Stipulated

2    Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

3    Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

4    Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

5    terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

6    Agreement to Be Bound" that is attached hereto as Exhibit A.

7    　　　　11.    INADVERTENT PRODUCTION OR DISCLOSURE OF PRIVILEGED

8    INFORMATION

9    　　　　If a Producing Party inadvertently or unintentionally produces to a Receiving Party any

10   documents or information subject to a claim of privilege or immunity from discovery (including

11   but not limited to attorney-client privilege, work product, and immunities created by federal or

12   state statute or regulation), the Producing Party shall, within 30 days of the discovery of the

13   inadvertent production, or as promptly as reasonably possible thereafter, give notice to the

14   Receiving Party in writing of the Producing Party's claim of privilege or immunity from

15   discovery.  Thereafter, the Receiving Party shall immediately return to the Producing Party the

16   original and all copies of the privileged materials, including copies of the privileged materials

17   disseminated to other persons by the Receiving Party.  Such inadvertent or unintentional

18   disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of

19   privilege or immunity from discovery, either as to specific documents and information disclosed

20   or on the same or related subject matter.  In the event that the Receiving Party disagrees with the

21   Producing Party's claim of privilege or immunity from discovery, then the Receiving Party shall

22   notify the Producing Party within five (5) business days of receipt of the Producing Party's

23   written notice of claim of privilege or immunity, and shall set forth the precise grounds upon

24   which the Receiving Party's position rests.  If the Parties cannot resolve the matter, then the

25   dispute will be presented to the Court by motion filed under seal.  Any responses thereto shall be

26   filed under seal as well.  From the moment a Party provides notice of inadvertent production, a

27   Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents

28   or information, and shall instruct all persons to whom the Receiving Party has disseminated a

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                                        - 13 -                          CASE NO. CV-09-4124-CW

1   copy of the documents or information that the documents or information are subject to this

2   Stipulated Protective Order and may not be copied, distributed, or otherwise used pending the

3   motion and further notice from the Court.

4          12.     FILING PROTECTED MATERIAL

5          Without written permission from the Designating Party or a court order secured

6   after appropriate notice to all interested persons, a Party may not file in the public record in this

7   action any Protected Material.  A Party that seeks to file under seal any Protected Material must

8   comply with Civil Local Rule 79-5.

9          13.     FINAL DISPOSITION

10          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

11   days after the final disposition of this action, each Receiving Party must return all Protected

12   Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

13   copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

14   the Protected Material.  With permission in writing from the Designating Party, the Receiving

15   Party may destroy some or all of the Protected Material instead of returning it.  Whether the

16   Protected Material is returned or destroyed, the Receiving Party must submit a written

17   certification to the Producing Party (and, if not the same person or entity, to the Designating

18   Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected

19   Material that was returned or destroyed and that affirms that the Receiving Party has not retained

20   any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

21   the Protected Material.

22

23          14.     MISCELLANEOUS

24          14.1    Right to Further Relief. Nothing in this Order abridges the right of any

25   person to seek its modification by the Court in the future.

26          14.2    Right to Assert Other Objections. By stipulating to the entry of this

27   Protective Order no Party waives any right it otherwise would have to object to disclosing or

28   producing any information or item on any ground not addressed in this Stipulated Protective

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9     - 14 -     CASE NO. CV-09-4124-CW

1   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

2   the material covered by this Protective Order.

3          14.3    The terms of this Protective Order are applicable to information produced by a

4   Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

6   this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing

7   in these provisions should be construed as prohibiting a Non-Party from seeking additional

8   protections.

9               IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11          */s/ Kevin Haverty*                              */s/ Traci Shafroth*
       Kevin Haverty (*pro hac vice*)              Traci Shafroth (*pro hac vice*)
       WILLIAMS CUKER BEREZOVSKY            KIRKLAND & ELLIS LLP
12     Woodland Falls Corporate Park               300 North LaSalle
       210 Lake Drive East, Suite 101               Chicago, Illinois 60654
13     Cherry Hill, NJ 08002                             *Counsel for Abbott Laboratories*
       *Counsel for Plaintiffs*

14

15          */s/ Michelle A. Childers*                    */s/ Prentiss W. Hallenbeck, Jr.*
       Michelle A. Childers                             Prentiss W. Hallenbeck, Jr. (*pro hac vice*)
       DRINKER BIDDLE & REATH LLP           ULMER & BERNE LLP
16     50 Freemont Street, 30th Fl.                    600 Vine Street, Suite 2800
       San Francisco, CA 94105                        Cincinnati, OH 45202
17     *Counsel for Centocor Ortho Biotech, Inc.*   *Counsel for Teva Pharmaceuticals*
       *and Johnson & Johnson*                       *USA, Inc.*

18

19          */s/ William A. Hanssen*                    */s/ Prentiss W. Hallenbeck, Jr.*
       William A. Hanssen                             Prentiss W. Hallenbeck, Jr. (*pro hac vice*)
       DRINKER BIDDLE & REATH LLP           ULMER & BERNE LLP
20     333 South Grand Ave., Ste. 1700            600 Vine Street, Suite 2800
       Los Angeles, CA 90071-1504                 Cincinnati, OH 45202
21     *Counsel for SmithKline Beecham*           *Counsel for Par Pharmaceutical, Inc.*
       *Corporation*
22     *d/b/a GlaxoSmithKline*

23

24             PURSUANT TO STIPULATION, IT IS SO ORDERED.

25     Dated:  4/19/2011 _____

26                                                              Hon. Judge Wilken

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                                - 15 -                    CASE NO. CV-09-4124-CW

1

## EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for

6   the Northern District of California on [date] in the case of STEPHEN WENDELL and LISA

7   WENDELL, for themselves and as successors in interest to MAX WENDELL, deceased v.

8   JOHNSON & JOHNSON ET.AL., Case No. 4:09-CV-04124-CW.  I agree to comply with and to

9   be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

10   that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

11   I solemnly promise that I will not disclose in any manner any information or item that is subject

12   to this Stipulated Protective Order to any person or entity except in strict compliance with the

13   provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16   Order, even if such enforcement proceedings occur after termination of this action.

17      I  hereby  appoint  _____  [print  or  type  full  name]  of

18   _____  [print  or  type  full  address  and  telephone

19   number] as my California agent for service of process in connection with this action or any

20   proceedings related to enforcement of this Stipulated Protective Order.

21

Date: _____

22

23   City and State where sworn and signed: _____

24

Printed name: _____

25                       [printed name]

26

Signature: _____

27                      [signature]

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                          - 16 -                    CASE NO. CV-09-4124-CW

1

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

2       I, Michelle A. Childers, am the ECF user whose ID and password are being used to file

3  this STIPULATED PROTECTIVE ORDER. In compliance with General Order 45, X.B., I

4  hereby attest that the following attorneys have concurred in this filing: Kevin Haverty, counsel for

5  Plaintiffs; Prentiss W. Hallenbeck, Jr., counsel for Teva Pharmaceuticals USA, Inc., and Par

6  Pharmaceutical, Inc.; William A. Hanssen, counsel for SmithKline Beecham Corporation; and

7  Traci Shafroth, counsel for Abbott Laboratories.

8

9                                        ____/s/ Michelle A. Childers____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
SF01/ 659849.9                          - 17 -                    CASE NO. CV-09-4124-CW