Kevin Haverty, Esq., *pro hac vice*
WILLIAMS CUKER BEREZOFSKY, LLC
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
Telephone: (856) 667-0500

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| STEPHEN WENDELL AND LISA WENDELL, for themselves and as successors in interest to MAXX WENDELL, DECEASED,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON; CENTOCOR, INC.; ABBOTT LABORATORIES; SMITHKLINE BEECHAM d/b/a GLAXOSMITHKLINE; TEVA PHARMACEUTICALS USA; GATE PHARMACEUTICALS, a division of TEVA PHARMACEUTICALS USA; PAR PHARMACEUTICAL, INC.;<br><br>Defendants. | CASE NO. 4:09-CV-04124-CW<br><br>**STIPULATED REQUEST FOR ORDER EXTENDING TIME AND ORDER**<br><br>Removal Filed: September 4, 2009 |

# **STIPULATION**

Pursuant to Rule 6-2(a), the parties jointly request that the deadlines be extended as set forth herein.

On September 4, 2009, this case was removed to the United States District Court for the Northern District of California. A series of motions resolved multiple pleadings issues at the outset of this litigation. On June 10, 2010 plaintiffs filed the operative amended Complaint and the defendants all filed Answers on July 1, 2010. Discovery beyond initial disclosures began once pleadings issues were resolved.

In the interim, the court, on June 3, 2010, entered a Case Management Order which provided, among other things, that fact discovery was to end on February 2, 2011.

On July 13, 2010, plaintiffs served interrogatories and requests for production of documents on all defendants. Defendants served responses to those discovery requests variously on August 25, 2010 (Centocor), September 24, 2010 (Par Pharmaceutical and Teva), October 4, 2010 (Abbott Laboratories) and November 15, 2010 (GlaxoSmithKline). Defendants indicated that responsive documents would be provided or made available for inspection and copying subject to the entry of a protective order.

On July 28, 2010, plaintiffs' counsel sent an email to counsel for defendant Abbott Laboratories asking her to identify 30(b)(6) witnesses for deposition, Exhibit 1, to which she responded the next day that Abbott would endeavor to identify the appropriate witnesses. Exhibit 2. In Abbott's responses to plaintiffs' discovery requests, various witnesses with knowledge are identified but Plaintiffs state that their depositions cannot be properly conducted until the underlying documents have been reviewed.

On or about December 20, 2010, the Court granted the parties' request to extend the deadline to conduct mediation to June 29, 2011. On or about February 3, 2011, the Court granted the parties' request to extend the discovery end date until June 30, 2011, and ordered that Plaintiffs designate testifying experts and provide related reports by August 12, 2011, Defendants designate testifying experts and provide related reports by October 30, 2012 [sic], the parties complete expert discovery

on or before December 14, 2011, and dispositive motions be heard on or before (and a case management conference would be set for) January 26, 2012.  The trial date was not continued.

A protective order was ultimately entered by the Court on April 19, 2011.  Thereafter, Defendants collectively produced millions of pages of documents on disk drives to Plaintiffs.  These productions occurred variously on April 19 (Centocor) and May 11, 18 and 24, 2011 (Abbott).  Defendants GlaxoSmithKline, Teva and Par have offered to make documents available for inspection and copying in response to Plaintiffs' requests.  Defendant Centocor has offered to make available for inspection and copying its hard-copy production.

The parties have completed key depositions in this litigation, such as the deposition of Maxx Wendell's prescribing physician on April 11, 2011, and of Plaintiffs and another family member on June 14, 2011.  On several occasions, the last of which occurred on June 16, 2011, the parties conferred about issues related to timing of mediation, potential dispositive motion practice, and further discovery.

The parties have agreed to mediate this case with Honorable Rebecca Westerfield.  The parties are attempting to identify a mutually agreeable date in August but will, in any event, schedule the mediation to occur on or before September 15, 2011.  The parties believe that a stay of discovery until after the mediation or, if the mediation is unsuccessful, until after the ruling on the motions for summary judgment discussed below, will allow the parties to conserve resources for settlement, conserve judicial resources, and help resolve the litigation.

Defendants plan to file motions for summary judgment based on the learned intermediary doctrine.  Defendants do not need additional discovery to file such motions.  Plaintiffs have conducted all discovery needed to oppose such motions and do not plan to oppose the motion on the grounds that further discovery is necessary.

Should those motions and the mediation be unsuccessful, some additional fact discovery would need to be conducted by the parties.  Plaintiffs would need to conduct additional discovery bearing on the issues of the adequacy of the warning labels which will not only involve reviewing and selecting pertinent documents from the electronic discovery provided by Defendants but also

1  conduct depositions pursuant to *Fed. R. Civ. P.* 30(b)(6).  If they have not already done so, Plaintiffs

2  will supplement their responses to Defendants' written discovery requests by providing (1) a list of

3  the categories of damages they seek and amounts for each and (2) certain responsive documents

4  Plaintiffs testified were available but which have not yet been produced to Defendants.  Further fact

5  discovery to be conducted by Defendants includes taking additional depositions of at least two of

6  Maxx Wendell's treating oncologists[1] and any discovery arising from Plaintiffs' responses to written

7  discovery previously propounded by Defendants.

8         THE PARTIES HEREBY STIPULATE AS FOLLOWS:

9         1.     The parties hereto request that the June 29, 2011 deadline for the parties to conduct

10  private mediation be continued to September 15, 2011.

11         2.     The parties request that all other deadlines be vacated.

12         3.     The parties request that discovery be stayed until after the mediation or ruling on

13  defendants' motions for summary judgment, whichever comes later; at that time the parties will meet

14  and confer to determine a proposed schedule for remaining fact discovery listed above, expert

15  discovery, other pre-trial deadlines, and a new trial date.

16         4.     The parties will file a proposed scheduling order within two weeks of the mediation

17  (in the event it is unsuccessful) or ruling on defendants' motions for summary judgment, whichever

18  comes later.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

---

[1] These depositions were previously scheduled for June 24, 2011.  The parties would like to continue these depositions to after the mediation to avoid incurring potentially unnecessary costs.

3

STIPULATED REQUEST FOR ORDER EXTENDING TIME AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER        CASE NO. 4:09-CV-04124-CW

5. DECLARATION PURSUANT TO L.R. 6-2(a): The parties declare that (1) the reason for the requested enlargement of time is to allow the parties to engage in mediation, potential early dispositive motion practice and additional discovery should mediation or motion practice fail to dispose of the case; (2) as set forth above, the parties anticipate that this modification of the discovery end date will affect other deadlines including the April 2012 trial date.

DATED: June 22, 2011

| /s/ Kevin Haverty | /s/ Andrew P. Bautista |
|---|---|
| Kevin Haverty (*pro hac vice*) | Andrew P. Bautista (*pro hac vice*) |
| WILLIAMS CUKER BEREZOFSKY, LLC | KIRKLAND & ELLIS LLP |
| Woodland Falls Corporate Park | 300 North LaSalle |
| 210 Lake Drive East, Suite 101 | Chicago, Illinois 60654 |
| Cherry Hill, NJ 08002 | *Counsel for Abbott Laboratories* |
| *Counsel for Plaintiffs* | |

| /s/ Michelle A. Childers | /s/ Prentiss W. Hallenbeck, Jr. |
|---|---|
| Michelle A. Childers | Prentiss W. Hallenbeck, Jr. (*pro hac vice*) |
| DRINKER BIDDLE & REATH LLP | ULMER & BERNE LLP |
| 50 Freemont Street, 30th Fl. | 600 Vine Street, Suite 2800 |
| San Francisco, CA 94105 | Cincinnati, OH 45202 |
| *Counsel for Centocor Ortho Biotech, Inc. and Johnson & Johnson* | *Counsel for Teva Pharmaceuticals USA, Inc.* |

| /s/ William A. Hanssen | /s/ Prentiss W. Hallenbeck, Jr. |
|---|---|
| William A. Hanssen | Prentiss W. Hallenbeck, Jr. (*pro hac vice*) |
| DRINKER BIDDLE & REATH LLP | ULMER & BERNE LLP |
| 333 South Grand Ave., Ste. 1700 | 600 Vine Street, Suite 2800 |
| Los Angeles, CA 90071-1504 | Cincinnati, OH 45202 |
| *Counsel for SmithKline Beecham Corporation d/b/a GlaxoSmithKline* | *Counsel for Par Pharmaceutical, Inc.* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.  Defendants shall notice their motion on the learned intermediary defense for not later than Jan. 26, 2012, and a case management conference will be held on that date at 2 pm.

Dated: __**June 23**__, 2011

_____
CLAUDIA WILKEN
United States District Judge

4

STIPULATED REQUEST FOR ORDER EXTENDING TIME AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER        CASE NO. 4:09-CV-04124-CW

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Kevin Haverty, am the ECF user whose ID and password are being used to file this STIPULATED REQUEST FOR ORDER EXTENDING TIME AND [PROPOSED] ORDER.  In compliance with General Order 45, X.B., I hereby attest that the following attorneys have concurred in this filing:  Andrew P. Bautista, counsel for Abbott Laboratories; Michelle A. Childers, counsel for Centocor Ortho Biotech, Inc., and Johnson & Johnson; Prentiss W. Hallenbeck, Jr., counsel for Teva Pharmaceuticals USA, Inc., and Par Pharmaceutical, Inc.; William A. Hanssen, counsel for SmithKline Beecham Corporation.

*/s/ Kevin Haverty*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 22, 2011, I electronically filed the foregoing STIPULATED REQUEST FOR ORDER EXTENDING TIME AND [PROPOSED] ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses registered, as denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed a true and correct copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants listed below:

| | |
|---|---|
| John D. Winter<br>Patterson, Belknap, Webb & Tyler LLP<br>1133 Avenue Of The Americas<br>New York, New York   10036-6710 | Jeffrey F. Peck<br>Ulmer & Berne LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, Ohio   45202 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:  June 22, 2011

By: s/ *Kevin Haverty*

Kevin Haverty, pro hac vice
WILLIAMS CUKER BEREZOFSKY, LLc
Khaverty@wcblegal.com
210 Lake Drive East, Suite 101
Cherry Hill, New Jersey  08002
Telephone:  (856) 667-0500
Fax:            (856) 667-5133