1    HASSARD BONNINGTON LLP
     THOMAS M. FRIEDER, ESQ., State Bar No. 95411
2    E-Mail: tmf@hassard.com
     KENDRA J. PAPPAS, ESQ., State Bar No. 226992
3    E-Mail: kjp@hassard.com
     Two Embarcadero Center, Suite 1800
4    San Francisco, California  94111-3993

5    Telephone:  (415) 288-9800
     Fax:  (415) 288-9801
6
     ULMER & BERNE LLP
7    Jeffrey F. Peck (Admitted *Pro Hac Vice*)
     Prentiss W. Hallenbeck, Jr. (Admitted *Pro Hac Vice*)
8    600 Vine Street Suite 2800
     Cincinnati, OH 45202
9    Telephone:  (513) 698-5000
     Fax:  (513) 698-5001
10
     Attorneys for Defendant
11   TEVA PHARMACEUTICALS USA, INC.

12
                    IN THE UNITED STATES DISTRICT COURT
13
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
14
                              OAKLAND DIVISION
15

16   STEPHEN WENDELL and LISA              Case No. 4:09-cv-04124-CW
     WENDELL, for themselves and as
17   successors in interest to MAX
     WENDELL, deceased,                    **DEFENDANT TEVA**
18                                         **PHARMACEUTICALS USA, INC.'S**
                         Plaintiffs,       **NOTICE OF MOTION AND**
19                                         **MOTION FOR SUMMARY**
               vs.                         **JUDGMENT; MEMORANDUM OF**
20                                         **POINTS AND AUTHORITIES**
     JOHNSON & JOHNSON; CENTOCOR,
21   INC.; ABBOTT LABORATORIES;
     SMITHKLINE BEECHAM d/b/a              **[DECLARATION OF PRENTISS W.**
22   GLAXOSMITHKLINE; TEVA                 **HALLENBECK, JR.; AND**
     PHARMACEUTICALS USA; GATE             **[PROPOSED] ORDER FILED**
23   PHARMACEUTICALS, a division of        **CONCURRENTLY HEREWITH]**
     TEVA PHARMACEUTICALS USA;
24   PAR PHARMACEUTICAL, INC.,

25                       Defendants.       Hearing Date:      September 1, 2011

26                                         Hearing Time:      2:00 p.m.

27                                         Hearing Location:  Courtroom 2

28

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2          NOTICE IS HEREBY GIVEN that, on September 1, 2011, at 2:00 p.m. or as

3   soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled court,

4   located at 1301 Clay Street, Oakland, California, Defendant TEVA

5   PHARMACEUTICALS USA, INC., ("Teva") will and hereby does move for summary

6   judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

7          This motion is made on the ground that Plaintiffs STEPHEN WENDELL and

8   LISA WENDELL, for themselves and as successors-in-interest to MAXX WENDELL,

9   deceased ("Plaintiffs") cannot establish proximate cause.  Plaintiffs' claims against

10  Teva are failure to warn claims, and there is no genuine issue as to any material fact

11  that the prescribing physician did not rely on anything written, published, or

12  disseminated by Teva and that the prescribing physician was independently aware of

13  the reported risk Plaintiffs alleged in this action.  Plaintiffs therefore cannot establish

14  that Teva's allegedly inadequate warnings caused their injuries, and Teva should be

15  dismissed from this action.

16         This motion is based on this notice, the memorandum of points and authorities,

17  the declaration of Prentiss W. Hallenbeck, Jr. (and all attachments thereto, filed

18  herewith), all pleadings and papers on file in this action, and upon such other oral or

19  documentary evidence that may be presented at the hearing.

20

21                                Respectfully submitted,

22                                HASSARD BONNINGTON LLP

23  Dated:  July 28, 2011
                                  /s/ Kendra J. Pappas
24                                Attorneys for Defendant
                                  Teva Pharmaceuticals USA, Inc.
25

26

27

28

DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S NOTICE OF MOTION, MOTION FOR SUMMARY JUDGMENT, AND
MEMORANDUM IN SUPPORT   Case No. 4:09-cv-04124-CW

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2 **I.    INTRODUCTION**

3          Plaintiffs' Fourth Amended Complaint ("FAC") asserts two causes of action,

4 strict liability and negligence, against Teva Pharmaceuticals USA, Inc. ("Teva").  As a

5 matter of law, and in keeping with Plaintiffs' allegations, both causes of action are

6 failure to warn claims.  Plaintiffs' decedent, Maxx Wendell, was treated for

7 inflammatory bowel disease ("IBD") and died of hepatosplenic T-cell lymphoma

8 ("HSTCL").  One of the medications prescribed for Maxx Wendell, and the product for

9 which Teva is alleged by Plaintiffs to be liable, is 6-MP (also known as

10 mercaptopurine and by the brand name Purinethol®).  Plaintiffs allege that Maxx

11 Wendell's HSTCL was caused by a failure to warn on the part of Teva and the other

12 manufacturers of the products identified in the FAC.  Under California law, Plaintiffs

13 must establish that, had Teva provided a different warning, Maxx Wendell's treating

14 physician would have made the decision not to prescribe 6-MP for Maxx Wendell.

15 However, the deposition testimony of the prescribing physician, Dr. Edward J. Rich,

16 establishes that he did not rely on any warnings provided by Teva in prescribing 6-MP

17 for Maxx Wendell, and that he, Dr. Rich, was aware of the reported risk of HSTCL

18 when he made the decision to prescribe 6-MP for Maxx Wendell.  Because Dr. Rich

19 did not rely on Teva's warnings and because he was independently aware of the

20 information Plaintiffs allege it was Teva's duty to provide, any alleged inadequacy in

21 Teva's warning could not be the proximate cause of Plaintiffs' injuries.  As a matter of

22 law, Teva is entitled to summary judgment.

23 **II.    STATEMENT OF FACTS**

24          Dr. Edward J. Rich treated Maxx Wendell for inflammatory bowel disease

25 ("IBD").  Declaration of Prentiss W. Hallenbeck, Jr., in Support of Defendant Teva

26 Pharmaceuticals USA, Inc.'s Motion for Summary Judgment, ¶ 2, Ex. 1 (Transcript of

27 Deposition of Dr. Edward J. Rich ("Rich Dep."), 49:25-50:13).  Dr. Rich began his

28 treatment of Maxx Wendell in 1998, when Maxx Wendell was 12. *Id.*  Initially, Dr.

-3-

1    Rich prescribed Prednisone (a steroid) and Asacol (an anti-inflammatory) for Maxx

2    Wendell. *Id*. at 75:2-12. Dr. Rich added 6-MP to the regimen in July 1999 in the hope

3    of weaning Maxx Wendell off steroids. *Id*. at 81:21-83:10. In July 2002, Dr. Rich

4    added Remicade® to Maxx Wendell's regimen. *Id*. at 147:24-148:16. Maxx Wendell

5    continued on a combination therapy of Remicade® and 6-MP through March 2006, at

6    which time Remicade® was discontinued. *Id*. at 181:10-182:14. In November 2006,

7    Humira® was prescribed for Maxx Wendell in combination with 6-MP. *Id*. at 217:11-

8    20. Maxx Wendell was diagnosed with HSTCL in July 2007. FAC, ¶ 58.

9          In deciding to prescribe 6-MP for Maxx Wendell, Dr. Rich testified that he

10   relied on information he learned during his fellowship, information from medical

11   articles, information from other professionals in the field of gastroenterology,

12   information he gleaned from meetings, and patient experience. Rich Dep., 274:10-

13   275:1. He did not identify the labeling or warnings for 6-MP as a source of

14   information on which he relied. Dr. Rich does not remember ever reading the label or

15   the PDR entry for 6-MP. *Id*. at 282:2-283:2. In determining dosage when he

16   prescribed 6-MP, the information Dr. Rich relied upon came from other

17   gastroenterologists, patient experience, and medical literature. *Id*. at 280:12-281:19.

18   He has no recollection of ever reading any material about 6-MP written, published, or

19   disseminated by Teva. *Id*. at 283:21-25.

20         Dr. Rich became aware that malignancies, and specifically lymphomas, have

21   been reported for persons using 6-MP during his fellowship, which fellowship predated

22   his treatment of Maxx Wendell. *Id*. at 88:18-90:8. As to the potential risk of

23   developing HSTCL that has been reported with use of the products at issue, including

24   6-MP, this information came to the attention of Dr. Rich when cases of HSTCL in

25   persons using the product were first reported in the medical literature. *Id*. at 204:21-

26   207:5. He believes this would have been in 2005. *Id*. He testified that he was aware

27   of the literature as it evolved because this is an important part of his practice. *Id*. Dr.

28   Rich incorporated his knowledge of the potential risk of developing HSTCL into his

-4-

1  practice, changing his treatment for his patients, including Maxx Wendell, based on

2  this knowledge. *Id*. at 207:6-208:17; 284:6-285:1.  His knowledge is further evidenced

3  by the fact that he communicated the potential risk for developing HSTCL to his

4  patients, including the Wendell family. *Id*. at 209:21-210:12.

5  **III.   ARGUMENT**

6        If the moving party can show that there is no genuine issue as to any material

7  fact, then that party is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

8  To support its motion for summary judgment, the moving party may rely on evidence

9  in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The responding party

10  must show the existence of a disputed material fact, and may not simply show that

11  there is "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

12  *Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  When reasonable minds could not

13  differ as to the import of the evidence, then summary judgment is proper. *See, e.g.,*

14  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).  A court "may, and

15  should, [grant summary judgment] as long as whatever is before the district court

16  demonstrates that the standard for the entry of summary judgment, as set forth in Rule

17  56(c), is satisfied." *Celotex*, 477 U.S. at 323.

18        Under California law, claims for personal injury from the ingestion of a

19  prescription drug are failure to warn claims. *See, e.g., Brown v. Superior Court* (1988)

20  44 Cal.3d 1049, 1061 ("comment k would impose liability on a drug manufacturer only

21  if it failed to warn of a defect of which it either knew or should have known").  "A

22  plaintiff asserting causes of action based on a failure to warn must prove . . . that the

23  inadequacy or absence of the warning caused the plaintiff's injury." *Motus v. Pfizer,*

24  *Inc.*, 196 F.Supp.2d 984, 991 (C.D. Cal. 2001) (*affirmed*, 358 F.3d 659 (9th Cir. 2004)).

25  If it is not genuinely disputable that a physician would not have changed his or her

26  decision to prescribe a drug even if the manufacturer had provided an adequate

27  warning, then the plaintiff cannot prove proximate cause and the manufacturer is

28  entitled to summary judgment. *Id.*

-5-

1    Under California law, warnings for prescription products are directed to

2  physicians. *See, e.g., Motus*, 358 F.3d at 661. There are at least two independent bases

3  for demonstrating that a plaintiff cannot establish proximate cause in a prescription

4  drug liability action. First, a defendant manufacturer can demonstrate that the

5  prescribing physician did not rely on the warnings provided by the manufacturer in its

6  labeling. *See, e.g., Motus*, 196 F.Supp.2d at 996 ("[B]ecause [the prescribing

7  physician] did not rely on information from [the manufacturer] in making his decision

8  to prescribe [the product at issue] to [Plaintiff's decedent], Plaintiff cannot prove that

9  adequate warnings would have changed [the prescribing physician's] decision to

10  prescribe [the product at issue] to [Plaintiff's decedent]"). Second, a defendant can

11  demonstrate that the prescribing physician was independently aware of the alleged risk

12  at issue when he or she made the decision to prescribe the medication. *See, e.g.,*

13  *Rosburg v. Minnesota Mining & Mfg. Co.* (1986) 181 Cal.App.3d 726, 735 ("[N]o

14  harm could have been caused by failure to warn of a risk already known").

15    Dr. Rich testified that he relied on information he learned during his fellowship,

16  information from medical articles, information from other professionals in the field of

17  gastroenterology, information he gleaned from meetings, and patient experience when

18  he prescribed 6-MP for Maxx Wendell; that even his dosing regimen for 6-MP was

19  based on information obtained from sources other than the labeling for the product;

20  that he cannot remember ever reading the labeling for 6-MP; and that he does not recall

21  ever reading anything about 6-MP written, published, or disseminated by Teva.

22  Reasonable minds cannot differ as to the import of this evidence. Dr. Rich did not rely

23  on the labeling or the warnings for 6-MP when he prescribed 6-MP for Maxx Wendell,

24  and Teva is accordingly entitled to summary judgment.

25    Moreover, Dr. Rich testified that he was made aware of the potential risk of

26  lymphomas reported with use of 6-MP during his training to become a physician; that

27  he was aware of reports of cases of HSTCL when they were first reported in the

28  medical literature; and that he incorporated this knowledge into his practice during the

-6-

1  time that he was treating Maxx Wendell.  Thus, Dr. Rich was independently aware of

2  the reported risk about which Plaintiffs allege Teva should have warned him and, as a

3  matter of law, Plaintiffs cannot discharge their burden of proving proximate cause.

4  Teva is entitled to summary judgment on this basis as well.

5  **IV.    CONCLUSION**

6      For the reasons enumerated herein, Teva requests the Court grant its Motion for

7  Summary Judgment.

8

9                              Respectfully submitted,

10                             HASSARD BONNINGTON LLP

11  Dated:  July 28, 2011       /s/ Kendra J. Pappas
                                **Attorneys for Defendant**
12                             **Teva Pharmaceuticals USA, Inc.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have

consented to electronic service are being served with a copy of the attached

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S NOTICE OF MOTION AND**

**MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND**

**AUTHORITIES** via the CM/ECF system on **July 28, 2011** or via overnight delivery

(Federal Express) to the non-CM/ECF participants listed below.

John D. Winter, Esq.
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
[Attorneys for Defendants Centocor Ortho Biotech, Inc.,
erroneously sued as Centocor, Inc., and Johnson & Johnson]

Michael P. Foradas, Esq. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
[Attorneys for Defendant Abbott Laboratories]

Jeffrey Peck, Esq. (*Pro Hac Vice*)
ULMER & BERNE LLP
600 Vine Street. Suite 2800
Cincinnati, OH 45202
[Attorneys for Defendant Teva Pharmaceuticals USA, Inc.]

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.

Date:    **July 28, 2011**

*Esther Hom*
Esther Hom

-1-