United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WENDELL & LISA WENDELL, as successors in interest to MAXX WENDELL deceased,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>Defendants. | Case No. 09-4124 CW (JSC)<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RELIEF TO MODIFY DISCOVERY DEADLINES (Dkt. No. 263) |

Presently before the Court is Plaintiffs' Motion for Relief to Modify Discovery Deadlines and all Other Applicable Deadlines by 60 Days. (Dkt. No. 263.) Specifically, Plaintiffs seek to take a number of depositions that they were unable to schedule and complete before the close of fact discovery on February 26, 2013.[1] For the reasons stated below, the motion is GRANTED in part.

---

[1] Although Plaintiffs request that "all other applicable deadlines" be extended 60 days, these other applicable deadlines are not identified. Because the Court concludes that limited fact discovery can be extended without disrupting any of the other dates in the case management order, the Court declines to order or recommend that any other deadline be extended.

**DISCUSSION**

Plaintiffs seek additional discovery from several Defendants, including Centocor, Inc. ("Centocor") and Johnson & Johnson ("J&J"). From Centocor, Plaintiffs request leave to take the deposition of Suzanne Travers, M.D. Plaintiffs have already deposed Centocor's offered witness—Sharon Popik, M.D.—regarding the requested subject matter, including the April 2006 safety signal and associated adverse events reports. However, Plaintiffs contend that they need to also depose Dr. Travers because at Dr. Popik's deposition on February 13, 2013 it was revealed that Dr. Popik began working at Centocor only in February 2006, shortly before the safety signal issue. (Dkt. No. 264 ¶ 11.) In addition, she did not know whether it was the FDA or Centocor who detected the signal. (*Id.*) She did testify that her boss, Dr. Travers, was a core member of Centocor's pharmacovigilance team that spearheaded the investigation in May 2006. (*Id.*) The day after the deposition, Plaintiffs requested to depose Dr. Travers. (Dkt. No. 265-2.) On March 14, 2013, Centocor notified Plaintiffs that Dr. Travers was unavailable for deposition for at least the next six weeks.

Given that Dr. Popik's personal knowledge of the safety signal issue was limited to when she began working at Centocor in February 2006, the Court concludes that Plaintiffs shall be given leave to depose Dr. Travers, who was present and a core member at Centocor prior to February 2006. Centocor's objections do not warrant a contrary result. Although Centocor asserts that Dr. Travers' deposition would be "unnecessarily duplicative," Centocor does not adequately address Plaintiffs' argument that Dr. Popik was not knowledgeable regarding events that predated her employment or events that occurred during her employment. Rather, Centocor states that "Plaintiffs' counsel was not prepared, and failed to ask Dr. Popik certain questions regarding Benefit Risk Management, pharmacovigilance, and matters predating her employment, which she was prepared to answer as a company representative." (Dkt. No. 272 at 4.) Given Dr. Travers' employment at Centocor prior to 2006 and her role as a core member and leader of the safety signal investigation, the Court does not agree with Centocor that her deposition "would provide plaintiffs' counsel with the same information as Dr. Popik." (*Id.* at 4-5.)

Regarding J&J, Plaintiffs seek a witness to testify about J&J's pharmacovigilance activities, particularly its procedures for detecting safety signals about its drugs. Plaintiffs requested this

deposition the day after their deposition of Dr. Popik, where she testified that J&J, Centocor's parent company, had a separate pharmacovigilance operation. (*See* Dkt. No. 264 at 5; *see also* Dkt. No. 265-1 at 25:16-26:2.) Because J&J has not opposed Plaintiffs' request for this deposition, and because there is good cause, the Court grants Plaintiffs' motion to depose a witness from J&J on the topics identified in its request.

Plaintiffs also seek the deposition of Robert Baldassano, M.D., a pediatric gastroenterologist at Children's Hospital of Philadelphia ("CHOP"), who Plaintiffs believe "was the principal clinical investigator for the study which led to the application for an indication for pediatric Chron disease," author of a relevant case report, and a "consultant for Centocor/J&J . . . concerning the detection of the safety signal of HSTCL and the response to it." (Dkt. No. 264 ¶ 12.) Plaintiffs subpoenaed Dr. Baldassano based in part on the testimony of Dr. Popik, with a return date of the subpoena for February 26, 2013. (*Id.*) Dr. Baldassano's counsel at CHOP advised Plaintiffs that beginning on February 25, 2013, he would be unavailable "on the order of weeks at a minimum." (*Id.*) Because no defendant objects to Plaintiffs' request for relief to depose Dr. Baldassano, and because there is good cause, the Court grants Plaintiff's motion.

Finally, the Court grants Plaintiffs' request for leave to conduct three depositions of Defendant Abbott Laboratories ("Abbott"). Plaintiffs and Abbott have reached an agreement whereby Plaintiffs may depose the three witnesses after the February 26, 2013 cut-off in exchange for Plaintiffs' agreement to narrow its discovery request. (Dkt. No. 271.)[2]

**CONCLUSION**

For the reasons stated, Plaintiffs' motion is GRANTED. Although Plaintiffs requested an extension of the discovery deadline of only 60 days, given the time that has elapsed between the filing of the present motion and this Order, the Court concludes that the specific discovery granted above shall be completed by no later than May 23, 2013. All other discovery deadlines, motion

---

[2] To the extent Plaintiffs' motion seeks relief to conduct additional discovery of Defendants Teva Pharmaceuticals USA, Inc. ("Teva") and Par Pharmaceuticals, Inc. ("Par"), such a request is duplicative of Plaintiffs' motion to compel. The Court's Order on the motion to compel resolves the scope and timeline of the discovery requested from Teva and Par.

hearings, and trial-related dates shall remain unchanged from the August 8, 2012 case management order. (*See* Dkt. No. 236.)

**IT IS SO ORDERED.**

Dated: April 22, 2013

                                               _____
                                               JACQUELINE SCOTT CORLEY
                                               UNITED STATES MAGISTRATE JUDGE