Kevin Haverty, Esq., *pro hac vice*
WILLIAMS CUKER BEREZOFSKY, LLC
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
Tel:  856-667-0500
Fax: 856-667-5133

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephen Wendell, and Lisa Wendell, for themselves and as successors in interest to Maxx Wendell, deceased<br><br>　　　　　　Plaintiff(s),<br><br>　　　　v.<br>Johnson & Johnson, et al.<br><br>　　　　　　Defendant(s). | **CASE NO. C 09-04124 CW**<br><br>**Hearing Date: Thursday, June 13, 2013**<br>**Hearing Time: 9:00 a.m.**<br>**Hearing Location: Courtroom F,**<br>**15th Floor, 450 Golden Gate Ave.**<br>**　San Francisco, CA 94102**<br>**Response Date: Monday, May 20, 2013**<br>**Reply Date:  Tuesday, May 28, 2013** |

### DECLARATION OF KEVIN HAVERTY IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Kevin Haverty, of full age and duly sworn according to law, hereby declares as follows:

1. I am an attorney-at-law in the State of New Jersey and the Commonwealth of Pennsylvania and a partner in the law firm of Williams Cuker Berezofsky admitted to practice before this court *pro hac vice* to represent the plaintiffs.

2. Plaintiffs move for an Order of this court, pursuant to *Fed. R. Civ. P*. 26(c)(1)(B) that the deposition of Teva's designated witness—currently scheduled for Friday, May 10, 2013 in New York City—be moved to San Francisco and conducted in the Magistrate's courtroom.

3. On April 22, 2013, following argument and briefing on plaintiffs' motion to compel discovery from defendant Teva, Magistrate Corley entered an Order compelling defendant to

produce documents responsive to plaintiffs' Request for Production of documents #9 and ordering Teva to produce a 30(b)(6) witness "to testify on the topic of pharmacovigilance covered by the Request for Production of Documents No. 9."

  4. Request for Production of Documents No. 9, for its part seeks:

> ***Any and all Post Market reporting and/or Post Marketing Surveillance documents and materials*** including all Medwatch forms, all Adverse Drug Experience (ADE) reports, including, but not limited to, any and all corresponding documents, materials, notes, written and underlying data, including electronic data, correspondence, follow up communications, investigations and memoranda relating to every and all adverse experiences and/or events concerning the ingestion and use of 6-MP, and/or its chemical bioequivalent, reported to and/or known by Defendant or of which Defendant was or is otherwise aware.

  5. Following the entry of the court's Order, defendant Teva offered to produce a witness in New York City on May 10, 2013. In furtherance of that deposition, plaintiffs served on defendant Teva, a Notice of Deposition pursuant to *Fed. R. Civ. P.* 30(b)(6) for a witness to testify about

> 1. Teva's post-marketing surveillance standards, policies and procedures as well as Teva's actual worldwide post-marketing surveillance activities and data relating to mercaptopurine (6-MP) products including Purinethol® from the time of initial marketing approval through July, 2008 inclusive;
>
> 2. Mercaptopurine (6-MP) products' including Purinethol®'s adverse event data including reports received by the company and reporting to and interaction with the FDA regarding adverse events associated with mercaptopurine (6-MP) products including Purinethol® including, but not limited to, lymphomas of any type.
>
> 3. Communications by Teva and/or any of its subsidiaries, either foreign or domestic, with healthcare providers regarding adverse events or other safety issues relating to mercaptopurine (6-MP) products including Purinethol®.

Exhibit 1.

6. The next day, counsel for Teva wrote to plaintiffs' counsel concerning what he characterized as an "oversight" in plaintiff's notice of deposition which he claimed to want to correct "to avoid any confusion." Teva's counsel asserted, in essence, that the 30(b)(6) notice—which was clearly directed at post-marketing surveillance activities—was outside the scope of the Magistrate's Order. Exhibit 2. I responded immediately noting that

> I have received your letter of today's date concerning the 30(b)(6) notice served on your client yesterday. Contrary to your assertion, there is no oversight in that notice. The notice requires you to produce a witness who can testify about Teva's post-marketing surveillance practices and procedures and its interactions with the FDA. The notice to produce, for its part requests documents pertaining to
>
>> Any and all Post Market reporting and/or *Post Marketing Surveillance documents and materials* including all Medwatch forms, all Adverse Drug Experience (ADE) reports, *including, but not limited to, any and all corresponding documents, materials, notes, written and underlying data, including electronic data, correspondence, follow up communications, investigations and memoranda relating to every and all adverse experiences and/or events concerning the ingestion and use of 6-MP and/or its chemical bioequivalent, reported to and/or known by Defendant or of which Defendant was or is otherwise aware.*
>
> These documents clearly deal with post-marketing surveillance activities of Teva, if any and the 30(b)(6) notice is in no way inconsistent with Request for Production #9 since it seeks a witness knowledgeable about Teva's activities as well as what the documents and materials responsive to request # 9 mean.

Exhibit 3.

Teva's counsel replied that "Teva will produce its witness to testify on the *topic* set forth in Magistrate Judge Corley's Order." Exhibit 4 (emphasis supplied). I immediately replied that "[y]ou and I are in fundamental disagreement then about what Magistrate Corley's Order provides for. You are on notice that I intend to question the witness you produce about the topics in the 30(b)(6) notice as it directly relates to RFP #9. Be advised accordingly." Exhibit 5. I have had no further reply from Teva.

7. Based upon this exchange as well as the history of the relationship between the parties, there is a significant likelihood that there will be considerable disagreement over the scope and extent of the deposition currently scheduled for Friday. Plaintiffs are concerned that their efforts to obtain evidence relating to Teva's pharmacovigilance—a critical issue in this case—will be thwarted in this deposition which appears to be the only one plaintiffs will get from Teva. To the extent that Request for Production of Documents No. 9 indisputably is directed at exploring Teva's pharmacovigilance relating to mercaptopurine, there is no basis to limit questioning of the witness as long as the topic relates to pharmacovigilance or post-marketing surveillance. As of this moment, plaintiffs have no idea of the type of witness defendant intends to produce or what his or her knowledge is. But plaintiffs have every reason to believe that Teva will do everything it can to restrict and limit the questioning of the witness. Given the fundamental disagreement between the parties about the scope of the deposition, it is likely that the intervention of the court may become necessary. In light of the three hour time difference between the east coast where the deposition is currently scheduled and the west coast where the court is, that will not be possible until at least three hours into the deposition. Moreover, it is possible that the court may need to intervene on more than one occasion during

the deposition. In light of these issues, it is respectfully requested that the court order the deposition of Teva's witness to be held in San Francisco and in the Magistrate's courtroom (or other location where the court can easily intervene at its convenience).

        Respectfully submitted,

        WILLIAMS CUKER BEREZOFSKY, LLC

BY:    */s/ Kevin Haverty*
    KEVIN HAVERTY, *pro hac vice*
    Khaverty@wcblegal.com
    210 Lake Drive East, Suite 101
    Cherry Hill, New Jersey  08002
    Tel  (856) 667-0500
    Fax  (856) 667-5133
    *Counsel for Plaintiffs*