IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WENDELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, et al., <br><br> Defendants. <br>_____/ | No. C 09-4124 CW <br><br> ORDER DENYING MOTION TO EXCEED PAGE LIMITS <br> (Docket No. 332) |

On January 31, 2014, Plaintiffs filed a motion for leave to exceed the page limit for their response to Defendants' motion for summary judgment. This motion is denied.

The Court has already granted Plaintiffs leave to file an overlong brief of thirty pages -- the same number of pages granted to Defendants -- and explained why additional pages would not be granted. See Docket No. 317, Order Granting in Part Motion to Exceed Page Limits ("[T]he Court will grant Defendants leave to file an opening summary judgment brief of up to thirty pages. Plaintiff may file a responsive brief of the same length."). When Plaintiffs represented that they were struggling to meet this page limit and requested an extension of time in order to do so, the Court granted them an additional eight days to file their response brief. See Docket No. 331, Order Granting Motion for Extension of Time. Their latest request for leave to the exceed page limit is therefore denied.

Plaintiffs shall re-file their summary judgment brief within three days of this order. The brief shall not exceed thirty pages

in length.  Furthermore, because Plaintiffs' untimely request for additional pages has delayed the submission of their response brief by seven days, Defendants are granted an additional seven days to file their reply brief.  Defendants' reply brief, which shall not exceed fifteen pages in length, is now due on or before February 20, 2014.  The hearing date of March 13, 2014 remains unchanged.

Finally, Plaintiffs' motion to strike Defendants' expert declarations (Docket No. 334) is stricken pursuant to Civil Local Rule 7-3.  That rule provides that any evidentiary or procedural objections to any motion must be contained within the brief opposing that motion.  Thus, if Plaintiffs seek to raise any objections to Defendants' summary judgment evidence, they must include those objections in their response brief.

IT IS SO ORDERED.

Dated: 2/4/2014

CLAUDIA WILKEN
United States District Judge