James Maxwell Cooper (SBN 274054)
max.cooper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, California 94104-1501
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

Attorneys for Defendant
ABBOTT LABORATORIES

Kevin Haverty (admitted *pro hac vice*)
khaverty@wcblegal.com
WILLIAMS CUKER BEREZOFSKY, LLC
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
Telephone:    (856) 667-0500
Facsimile:    (856) 667-5133

Attorney for Plaintiffs

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| STEPHEN WENDELL AND LISA WENDELL, for themselves and as successors in interest to MAXX WENDELL, DECEASED,<br><br>    Plaintiffs,<br><br> v.<br><br>JOHNSON & JOHNSON;<br>CENTOCOR, INC.;<br>ABBOTT LABORATORIES;<br>SMITHKLINE BEECHAM<br>d/b/a GLAXOSMITHKLINE;<br>TEVA PHARMACEUTICALS USA;<br>GATE PHARMACEUTICALS,<br>a division of TEVA PHARMACEUTICALS USA;<br>PAR PHARMACEUTICAL, INC.;<br><br>    Defendants. | Case No: 4:09-cv-04124-CW<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

After good-faith negotiations, including mediation, the Plaintiffs in the above-captioned case, Defendant Abbott Laboratories, and AbbVie, Inc. have agreed to settle the above-captioned case in a Settlement Agreement. As material conditions of the Settlement Agreement, and for adequate consideration, the parties have agreed that the amount of their settlement (the "Settlement Payment" as defined in the Settlement Agreement) and other terms and conditions of their Settlement Agreement should remain confidential. Maintaining the confidentiality of the Settlement Payment and other terms and conditions of the Settlement Agreement also serves the interests of judicial administration, including the efficient resolution of the claims in this case.

Based on the foregoing, it is hereby stipulated that:

1.  The Parties (as defined in the Settlement Agreement) and their counsel shall keep confidential and not disclose to any person (other than the Parties, and, only as reasonably necessary, their respective counsel, ethics consultants, Medicare compliance consultants, insurance carriers (including but not limited to Medicare and Medicaid), accountants, tax advisors, and financial advisors; the Court and Court employees presiding over these cases; the mediator in this case; and, to the extent necessary to obtain a good faith order from the Court, any non-settling co-defendants in the Litigation) the terms and conditions of the Settlement Agreement, including but not limited to the Settlement Payment, and/or any of the negotiations and discussions that preceded their making, unless otherwise specifically directed by subpoena or court order.

2.  This Confidentiality Order shall be attached to the Settlement Agreement.

3.  Any communication of the terms and conditions of the Settlement Agreement, including but not limited to the Settlement Payment, to any person or entity other than a Party and/or their counsel shall be accompanied by a copy of this Confidentiality Order, and this Confidentiality Order shall be binding on that person or entity. Such persons or entities shall keep confidential and shall not further disclose the terms and conditions of the Settlement Agreements, including but not limited to the Settlement Payment, to any other person or entity.

4.  In the event any Party, their counsel, or any other person or entity who has learned the terms and conditions of the Settlement Agreement, including but not limited to the Settlement Payment, is served with a subpoena or order that would call for the disclosure of the terms or conditions of the

Settlement Agreement, including but not limited to the Settlement Payment, such person or entity (or its counsel) shall give prompt notice to each other Party (or its respective counsel), and shall oppose disclosure until such time as the other Parties can be heard or agree to such disclosure.

5. If any Party, their counsel, or any other person or entity who has learned the terms and conditions of the Settlement Agreement, including but not limited to the Settlement Payment, believes that he/she is required by law, court order, or subpoena to disclose any terms or conditions of the Settlement Agreement, including but not limited to the Settlement Payment, such person or entity (or its counsel) shall give notice to each other Party (or its respective counsel) prior to such disclosure and, at a minimum, request that the terms and conditions of the Settlement Agreement, including but not limited to the Settlement Payment, be submitted to any court under seal or disclosed to any person subject to the Confidentiality Order.

6. Any documents filed with the Court or any other court that reference the terms and conditions of the Settlement Agreement, including but not limited to the Settlement Payment, shall be filed under seal and marked as "Filed Under Seal Subject to Court's Confidentiality Order."

7. This Confidentiality Order shall be binding on the Parties, their counsel, and any persons or entities who learn the terms and conditions of the Settlement Agreement, including but not limited to the Settlement Payment.

8. This Court retains jurisdiction over any disputes related to the confidentiality of the terms and conditions of the Settlement Agreement, including but not limited to the Settlement Payment. Such disputes include but are not limited to any alleged violations of this Confidentiality Order or the confidentiality provisions of the Settlement Agreement.

1  DATED: May 12, 2014						Respectfully submitted,

2

3								*/s/* James Maxwell Cooper
								James Maxwell Cooper
								max.cooper@kirkland.com
4								KIRKLAND & ELLIS LLP
								555 California Street, 27th Floor
5								San Francisco, CA  94104
								Telephone:	(415) 439-1400
6								Facsimile:	(415) 439-1500

7								Michael P. Foradas (*pro hac vice*)
								michael.foradas@kirkland.com
8								Renee D. Smith (*pro hac vice*)
								renee.smith@kirkland.com
9								Brenton A. Rogers (*pro hac vice*)
								brenton.rogers@kirkland.com
10								KIRKLAND & ELLIS LLP
								300 North LaSalle
11								Chicago, IL  60654
								Telephone:	(312) 862-2000
12								Facsimile:	(312) 862-2200

13								*Counsel for Defendant Abbott Laboratories*

14
	DATED: May 12, 2014						*/s/* Kevin Haverty
15								Kevin Haverty (*pro hac vice*) [1]
								khaverty@wcblegal.com
16								WILLIAMS CUKER BEREZOFSKY, LLC
								210 Lake Drive East, Suite 101
17								Cherry Hill, NJ  08002
								Tel: 856-667-0500
18								Fax: 856-667-5133

19								*Counsel for Plaintiffs*

20  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

21

22

23

24  DATED: _____May 13__, 2014				_____
											CLAUDIA WILKEN
25											United States District Judge

26

27  [1]  I, James Maxwell Cooper, hereby attest, pursuant to Local Rule 5-1(i), that concurrence in the filing of this document has been obtained from the other signatory.
28

STIPULATED CONFIDENTIALITY ORDER					3					Case No: 4:09-cv-04-124-CW

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of the attached **STIPULATED CONFIDENTIALITY ORDER** via the CM/ECF system on May 12, 2014.

DATED:  May 12, 2014                              By:  */s/* James Maxwell Cooper

James Maxwell Cooper
max.cooper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104-1501
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

*Counsel for Abbott Laboratories*