IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WENDELL, et al., | No. C 09-4124 CW |
| Plaintiffs, | ORDER GRANTING UNOPPOSED MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; APPROVING STIPULATION (Docket Nos. 361, 362) |
| v. | |
| JOHNSON & JOHNSON, et al., | |
| Defendants. | |

    Plaintiffs Stephen and Lisa Wendell brought this products liability action as successors-in-interest to their deceased son, Maxx Wendell, in 2009.  In April 2014, they notified the Court that they had reached an agreement to settle all of their pending claims against Defendant Abbott Laboratories.  They also informed the Court that they had reached a separate agreement to settle all of their pending claims against Defendants Centocor, Inc. and Johnson & Johnson.  As a result of these agreements, the only Defendant remaining in this action is Teva Pharmaceuticals.

    On May 27, 2014, Plaintiffs filed a joint motion with Abbott Labs for a determination that their settlement agreement was made in good faith under section 877.6 of the California Code of Civil Procedure.  Teva filed a statement of non-opposition to the motion on May 29, 2014.  The following day, May 30, 2014, all of the parties filed a stipulation that Plaintiffs' settlement agreement with Centocor and Johnson & Johnson was made in good faith under section 877.6.  After reviewing these submissions, the Court grants the unopposed motion for a determination of good faith settlement and approves the parties' stipulation.

DISCUSSION

California Code of Civil Procedure section 877.6 provides that any settling party in an action in which it is alleged that there are two or more tortfeasors may seek a court's determination that the settlement was made in good faith. See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal. 3d 488, 494-95 (1985). To obtain a good faith determination,

> a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested.

Cal. Civ. Proc. Code § 877.6(a)(2). A court's good faith determination "shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Id. § 877.6(c). A party challenging a settlement's good faith has the burden of proof on this issue. Id. § 877.6(d). Federal courts sitting in diversity have discretion to determine whether a settlement is in good faith under this provision. Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1064 (9th Cir. 2011).

Here, notice of both of the pending settlement agreements was given to all parties. Teva, Centocor, and Johnson & Johnson have all represented that they do not oppose the settlement agreement between Plaintiffs and Abbott Labs or contest that it was made in good faith. Declaration of Brenton A. Rogers ¶ 6. Likewise, all

2

of the parties have stipulated that the settlement agreement between Plaintiffs, Centocor, and Johnson & Johnson was made in good faith.

Thus, in light of the parties' consensus that the pending settlement agreements were made in good faith, the Court finds that the settlement agreements satisfy section 877.6. <u>City of Grand Terrace v. Superior Court</u>, 192 Cal. App. 3d 1251, 1261 (1987) ("We are unaware of any reported decision which has reversed an uncontested good faith determination and we, therefore, conclude that only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the <u>Tech-Bilt</u> factors."); <u>PAG-Daly City, LLC v. Quality Auto Locators, Inc.</u>, 2014 WL 807415, at *2 (N.D. Cal.) (approving unopposed motion for good faith determination and finding it "unnecessary to weigh the <u>Tech-Bilt</u> factors"). As the California Court of Appeal has held, "when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." <u>Id.</u> The parties have satisfied these requirements here.

CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs' and Abbott Labs' unopposed joint motion for a determination of good faith settlement (Docket No. 362) and APPROVES the parties' stipulation of good faith settlement (Docket No. 364). In addition, the Court finds that Plaintiffs and Abbott Labs have identified good cause for sealing the terms of their settlement

agreement and therefore GRANTS their joint motion to seal (Docket No. 361).

The parties shall file stipulations of voluntary dismissal of all claims against the settling Defendants according to the terms set forth in their respective settlement agreements.

IT IS SO ORDERED.

Dated: 6/10/2014

CLAUDIA WILKEN
United States District Judge